Turley J.
delivered the opinion of the court.
The first question presented for the consideration of the court is, as to the legal power of the chancellor to review the decree originally given in the case. It was argued that this was done in violation of Lord Bacon’s first ordinance, which says, that no bill of review shall be admitted except it contain either error in law appearing in the body of the decree without further examination of the matters of fact, or some new matter. 4 Bacon’s works, 509, ord. 1, 2, 13. The obligatory force of this rule is not denied by the counsel for the complainant, but it is said that it was framed with a view to the practice of the courts which required the facts oh which the decree was based to be embodied therein, and was only designed for preventing an allegation in a bill of review, controverting the existence of the facts stated in the decree to have been found by the chancellor, exceptupon newly discoveved testimony; and that inasmuch as in this case no facts’are stated in the decree, nor. other principles upon which it was made, it is insufficient and erroneous on its face and doés furnish good ground for sustaining- a bill of review. In 1st Harrison’s Ch. Pr. 108, it is said that in drawing a decree, it is not held to be sufficient to recite therein the bill and answer, and then add, upon reading the proof, and hearing what was alleged on either side, it was decreed so and so, but that the facts which were proved and allowed, viz: alleged by the court to be proved, must be particularly mentioned in the decree. In the case of Bonhan vs. Newcomb, Vernon’s Ch. Ca. 215, it was objected against a bill of review, that errors had been assigned, collected from the proofs in the cause that did not appear in the body of the decree. But the Lord Heeper observed, “that was occasioned by the ill way they had got of late in drawing np decrees in general, without particularly stating the matters of fact, and said, the plaintiff in *46 the bill of review, should not be concluded by it, unless the of fact were particularly staled m the decree. In the 1 J case of Broad vs. Broad, 2 Ch. Ca. 161, it was contended that it was the course, and that an hundred decrees had been made so, that when it was said, “on reading the proof it is ordered,” it is intended that the matters put in issue are proved. But it was said e contra, that a decree ought to be grounded on facts cx facto jus oritur, or else by the clerks course the defendant might be barred of a review in all cases, for the plaintiff in a bill of review cannot allege matter of fact contrary to what is stated in the decree to be proved, and it may be many issues are joined in the bill and answer. If this course should hold, all must be admitted, and no man can truly know on what fact or case the decree was made, nor any appeal brought.
The Lord North declared accordingly, and was clearly of opinion that it is not enough to say “on reading the proof it is decreed,” but oa reading the proofs it appeared thus and thus, and it is therefore decreed,” &c. A strict examination of the rule as established by Lord Bácon will support this view of the case. It says: “No bill of review shall be admitted except it contain either error in matter of law, appearing in the body of the decree, without further examination of matters of fact, or some new matter, &c.” The words without farther examination “of matters of fact,” plainly admits that the matters of fact were to be examined into to a certain extent, to wit, as far as they are in the decree. Now if none are containedin it howcan they be examined, andhow can error be assigned therein. Furthermore the 1 Oth rule regulating the practice of courts of chancery in this State, expressly requires that the facts shall be stated in the decree. We are therefore of opinion, that the decree originally given in this case, is erroneous on its face for not containing the facts on which it is founded, and that the chancellor committed no error in reviewing it on the bill of review.
The second question for examination is, as to the propriety of the relief given to the complainant on the review of his cause. That there was manifest error in the original settlement of the partnership between the parties, is so fully established by the *47 proof as not to be contradicted hy the counsel for the defend-r J . , „ 1 ant, tins snakes it unnecessary to 2:0 into an examination ol m, , , , t testimony. I hat a court oi chancery has power to relieve against mistakes of this kind, to open the settlement, and if the money has not boon paid to enjoin its collodion, or if it have, to decree that it be refunded, is too well settled to be now contradicted. But it is argued that the complainants right to recover in this caséis barred by lapse of time and the statute of limitations.
This settlement was made in 1826; the money was paid in 1829,and the billfiledin 1800. It would be a very strong case to say, that under these circumstances the time permitted to elapse would form a bar, if the mistake had been innocently made on the part of the defendant, and he had afterwards not done any thing by which complainant was induced to delay filing his bill; but in this case the conduct of the defendant relative to the mistake, is suspicious, and he certainly did always when spoken to about it, promise to rectify it at any time when it should be ascertained to exist. That this course of conduct did cause the complainant to be less vigilant in enforcing his right than he otherwise would háve been, cannot we think be denied. Statutes for the limitations of actions do not expressly apply to courts of chancery, but are by them enforced by analogy in all cases where the matter in controversy would have been barred in a court of law, could it have been there prosecuted. The object of this bill is to recover a sum of money alleged to have been paid by the complainant through a mistake to the defendant; analogous cases frequently arise at law. The action used for the purpose of enforcing them, may be either indebitatus assumpsit, or debt. The action of indebitatus assumpsit is barred in three years, but the action of debt not till six. Supposing then that the money charged to have been paid by mistake, be considered as having been paid at the time the settlement was made, and notes for tlio supposed balance executed, still six years did not elapse before this bill was filed, and as an action of debt would not at law have been barred, so neither will be this suit in equity. But if the money be considered only as having been paid in 1829, the time the notes were satisfied, not even *48 the action of indebitatus assumpsit would be barred, so there . 1 7 no pretence whatever for saying that the statute of limitations *> <-> defeats complainants claim to the relief sought. What ought tj3a¡. jjep rp|le bas been referred to the clerk and master, who has made a report which has not been accepted toby the defendant. Why the. amount therein specified should not be decreed to the complainants, we know not, and accordingly direct that it shall be so done.
Decree affirmed.